### WAGNER v. CONWAY et al.

(Supreme Court, Appellate Division, Second Department. November 14, 1902.)

1. TRESPASS—DESTROYING GROWING POTATOES—DAMAGES— EVIDENCE — SUFFI-CIENCY.

In trespass for entering on plaintiff's lands and destroying a crop of potato plants then in blossom and occupying half an acre of ground, it appeared that between nine and ten barrels had been used on the plot as seed; that potatoes were worth $3 a barrel at the time, and seed potatoes $2.50 a barrel. The only additional evidence on the subject of

value was the testimony of a witness that one of the defendants, at the time he dug up the crop, said that "the potatoes were worth one hundred and fifty dollars amongst brothers." *Held* insufficient evidence of damage to sustain a verdict for plaintiff.

Appeal from trial term, Westchester county.

Action by Joseph Wagner against William L. Conway and another. From a judgment for plaintiff, and from an order denying a new trial, defendants appeal. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Charles P. Hallock, for appellants.

Seward Baker, for respondent.

WILLARD BARTLETT, J. This is an action for trespass in entering upon lands in possession of the plaintiff and destroying a crop of potatoes growing thereon. At the conclusion of the trial, the court directed a verdict for the plaintiff, and submitted to the jury only the question of damages. Counsel for the defendants objected to the submission of this question to the jury, on the ground that there was no plain evidence of damages by which they could arrive at any conclusion as to the amount. This objection was overruled, and an exception was duly taken.

At the time of the destruction of the crop the potato plants were in blossom, and occupied an area of half an acre. Between nine and ten barrels of potatoes had been used on the plot as seed. There was proof that the value of potatoes for sale at that time was $3 a barrel, and that the price of seed potatoes was $2.50 a barrel. The only additional evidence on the subject of value was the testimony of a witness to the effect that the defendant Conway, at the time he dug up the crop, said "that the potatoes were worth a hundred and fifty dollars amongst brothers." This statement was taken under objection and exception. Assuming that it was competent as against the defendant Conway himself, it was certainly not competent as against the other defendant, Patro, who appears to have been a mere workman in Conway's employ. But even considered as evidence against Conway it was meaningless, by reason of the qualifying words, "amongst brothers." While the significance of this phrase is not obvious, its use certainly shows that the witness did not intend to testify as to market value generally, or in the locality where the trespass was committed. In view of the paucity of proof on the question of value, we think that counsel for the defendants was right in insisting that there was no sufficient evidence on this subject upon which to base a finding; and it is difficult to resist the conclusion that in assessing the damages at $200 the jury indulged in mere speculation and guesswork. It is to be observed that there was no testimony whatever as to the number of bushels of potatoes which the land would have produced if left undisturbed.

On account of the insufficiency of the proof on the question of damages, a new trial ought to be granted.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur.